UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

JUN 1 2011 JH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EARL KELLY PRINCE ) | |
| ) | |
| Plaintiff ) | Case No. 09 CV 2010 |
| ) | |
| V. ) | Judge Dow |
| ) | Magistrate Mason |
| CHICAGO PUBLIC SCHOOLS AND ) | |
| ) | Jury Trial Requested |
| CHICAGO BOARD OF EDUCATION ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE EVIDENCE PROFFERED BY THE DEFENDANTS IN THEIR DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Earl Kelly Prince, Pro se, moves this Court to strike and exclude form evidence Defendant's Exhibits 3, 4, 5, 7A, 7B, 8A and 8B submitted by the defendants in support of their motion for summary judgment and in support thereof Plaintiff states as follows.

1. Defendant's <u>Exhibit 3.</u> Defendant's <u>Exhibit 3</u> is entitled Collective Bargaining Agreement. The defense has proffered papers that starts on page 142 and it has page 142 through 147. It is a non-titled and incomplete something. The papers don't state what the papers are and whom the papers are supposed to include nor does it state the time frame any of these papers are in effect. According to the Federal Rules of Evidence, Rule 56 of the Federal Rule of Civil Procedure and Local Rule 56.1, evidence entered by the movant must be in admissible form. These papers are not.

2. Objection 2. Irrelevant. The papers in Defendant's <u>Exhibit 3</u> also contain papers from an alleged agreement supposedly in effect from July 1, 2007 through June 30, 2012. (See Pla. <u>Exhibit .)</u> In response to a discovery request by the Plaintiff for the collective

1

bargaining agreement the defense produced defense Bates stamp 00381 through 00616. The defense did not provide any other collective bargaining agreement. This agreement was not in effect at the time of Plaintiff's alleged evaluations and is irrelevant.

3. Defendant's <u>Exhibit 4.</u> Exhibit 4 is entitled "Dismissal Charges." These papers are the result of unauthenticated inadmissible hearsay, reportedly defense bates stamped 00257 through 0768. None of the papers have been identified or authenticated by anyone who would have had personal knowledge of its contents. Further stating, the papers were reportedly charges on the date stamped at the top, March 2, 2007 and were subject to an hearing.

4. Defendant's <u>Exhibit 5.</u> Exhibit 5 is entitled Classroom Teacher Visitation Form.

a). Hearsay- The papers submitted by the defense are purported to be a classroom visitation purportedly by Arnold Bickham. The defendants have not provided interrogatory answers, deposition transcripts, production response, admission, or affidavits from any of the individuals who would have personal knowledge or could authenticate any of the papers. The only evidence proffered by the defense are the papers itself. Defense counsel has no personal knowledge of the truth or falsity of any of the alleged facts set out in defense exhibit 5.

b) Inadmissible form- The papers in this exhibit are incomplete as page 00165 is omitted. None of the papers are sworn to. The alleged signatures on def. bates no. 00171and 00172 are different from the other alleged signatures on the other pages in the exhibit.

c) The defense failed to tender a curriculum vitae of the witness.- Article 39-6.1, of the collective bargaining agreement between the Chicago Teachers Union and the defendants at the time requires that tenured teachers could only be evaluated by a "qualified"

administrator. (See Exhibit . Article 39-6.1) No such curriculum vitae has been tendered in violation of the Fed. R. Civ. Pro.

d). The paper bates stamped Def. No. 00171 included in this exhibit is dated "3/22/03. Plaintiff was not even a employee of the school at the time.

e). The papers with the date 12/6/ 05 (00163 and 00164) are missing pages 2 through 11

f) the papers with the date 1/26/06 (00166 and 00167) are missing pages 2 through 11.

g) The papers with the date 2/24/06 (00168 and 00169) have no page numbers

h). The paper with "E-3 Notice" (00171) is dated 3/22/03. Prince was not an employee at that school at that time. Also, the alleged signature on this paper does not match the alleged signatures on the other papers allegedly singed by the same person.

i) the alleged signature on the paper (00171) has not been authenticated.

j) The paper with the words "Teacher Evaluation Review" at the top (00172) the signatures have not been authenticated and the alleged evaluator signature is different from his other alleged signatures on the other papers in this exhibit.

k) The papers with the bates stamp Def. 00173 through 00178 are redundant as they appear to be a duplicate copy of 00163 through 00169.

l).The paper with the bates stamp Def. 00173 and 00174 start at page 11 and contain page 11 and 12. It omits pages 1through 10.

m) The papers with the bates stamp Def. 00175 the date appears to be altered as the number behind the two on the line that states date at the top appears to be written over. If the defense alleges that 00175 is a part of 00176, it starts with an unnumbered page and it contains an unnumbered page and a page numbered 12. Page 2 through 11 are omitted.

n) The paper with bates stamp Def. 00176 starts with page 12 and unless the defense alleges it is a part of 00175 only contain a page 12 and pages one through eleven is omitted. On the line with the word date under it the numbers have clearly been altered. The number that follows the two is clearly written over and changed. On the line with the word date on its left side, the last two numbers are illegible and appear to be a 05. The words on the signatures lines have not been authenticated by anyone who would have personal knowledge of them. No one who would have personal knowledge of the alleged visit have authenticated either document let alone authenticate that either is a part of the other.

O). 00177 and 00178 –signatures not authenticated – dates and testimony not authenticated. Two unnumbered pages- no affidavits that one is a part of the other from anyone who would have personal knowledge. No curriculum vitae and information not sworn under the penalty of perjury as required by rule 56.

5. Defendant's <u>Exhibit 6.</u> Exhibit 6 is entitled "Naddy Appointment Letter." The defendants have not provided interrogatory answers, deposition transcripts, production responses, admission, of affidavits from any of the individuals who would have had personal knowledge or could authenticate the paper. Further stating, the paper has not been sworn to and is not in admissible form. Signature not authenticated of bickham. No discovery response that the papers in this exhibit are a part of the other as all are unnumbered. Def. 00253 states Prince wasn't even issued an E-3 until april 18, 2006 and the dates on these papers are for dates in March 2006.

6. Defendant's <u>Exhibits 7a & 7b</u> Exhibits 7A-7B are entitled "Remediation Documents 0183-00254.

a). Exhiibit 7A is incomplete as pages 00183 and 184 are omitted.

b). Page 00185 is in inadmissible form as the page is blank

c) Page 00186 is an incomplete untitled something as it has no beginning and does not state what it is referring to and is inadmissible as to form.

d) The defendants have not provided interrogatory answers, deposition transcripts, production response, admission, or affidavits from any of the individuals who would have personal knowledge or could authenticate 00187, 00188 and 0189 that the papers are related to each other.

e) The pages with Bates stamp Def. No. 00190 through 00211 are inadmissible because none of these papers are signed as is required by language on the sheet. None of the papers state whom is being evaluated or observed. Further stating, none of the documents are sworn to. The papers are also inadmissible hearsay.

7) <u>Exhibit 7B.</u> Exhibit 7b is entitled Principal's Documents.

a). The defendants have not provided interrogatory answers, deposition transcripts, production responses, admission, or affidavits from any of the individuals who would have personal knowledge or could authenticate that the paper with the page ID# 568 and the paper with the page ID# 569 are a part of each other. The paper with page Id# 569 has a different alleged signature than the other papers with allegedly the same person signing. None of the alleged signatures have been authenticated. This is expert or opinion testimony and the defense has not made the alleged author available nor have they provided a curriculum vitae.

b. The paper with page ID# 570 is illegible, unsigned, and not sworn to. The paper does not state who the author is and the author was not made available for deposition.

c. The paper with page Id# 571 is not signed. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge or could authenticate that the papers are a part of each other and the papers do not state that it is a part of the other. The paper cites opinion testimony.

d. The paper with page Id# 572 has an entirely different alleged signatures for the alleged teacher and the alleged evaluator. This is opinion testimony and not admissible.

e. The paper with the page Id# 573 is not illegible and not signed. It states alleged opinion testimony and but does not state who the author is. No curriculum vitae has provided for the author. The paper does not state that it is a part of any other paper. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge or could authenticate that the paper is a part of the paper with page Id# 574.

f. The paper with the page ID# 574 has an inconsistent signature than the other documents with the same alleged author. It lacks trustworthiness. The alleged signature on the line that says teacher is illegible. The contract regarding the testimony on this page requires it to be that of an "qualified administrator" (see coll barn agrmnt 39-7.4) and this expresses an alleged expert opinion and the defense has not provided a curriculum vitae for the author.

g. The paper with the page ID# 575 is illegible and not signed. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge of this paper that it is a part of the paper with page Id# 576 or any other paper. This paper contains

expert or opinion testimony that by contract can only be given by a "qualified administrator." This paper does not state nor does it indicate that the author is a "qualified administrator." The defense also fails to provide a curriculum vitae of the alleged author.

h. The paper with page ID# 576 is inadmissible unauthenticated hearsay. All of the hand written words, numbers and check marks on this paper is unauthenticated inadmissible hearsay. The alleged signature of the alleged evaluator is inconsistent with all the other signatures. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge of this paper that it is a part of the paper with page Id# 575 or any other paper. By contractual agreement only a qualified administrator can evaluated a tenured teacher and the defense does not provide a curriculum vitae of the alleged evaluator.

i. The paper with the page Id# 577 is unauthenticated and inadmissible hearsay. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge of this paper as to the truthfulness or authenticity or if this paper is a part of the paper with the page ID# 578 or any other paper. This paper is illegible and unsigned and lacks trustworthiness.

j. The paper with page ID# 578 is authenticated and inadmissible hearsay. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge of the paper of the truthfulness or falsity of any of the hand written words, alleged signatures, check marks, numbers or alleged dates on this paper. Nor has it provided

same as to whether this paper is a part of the paper with the page ID# 577 or any other page.

k. The paper with the page ID# 579 is inadmissible. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit from any of the individuals who would have personal knowledge of the alleged events as to the authenticity of the paper. The defense also has not provided the same that this paper is a part of the paper with the page ID# 580 or any other paper.

L. The paper with the page ID# 580 is not admissible. The defense has not provided an interrogatory answer, deposition transcript, production response, admission or affidavit form any of the individuals who would have personal knowledge of the alleged event as to the authenticity of any of the words, numbers, alleged dates, alleged signatures, or any of the alleged testimony on the paper.

8. Exhibit 7b. The papers in this exhibit contain opinion or expert testimony and the alleged author was not made available for deposition. None of the handwritten words dates and numbers have been authenticated.

9. Exhibit 8A is entitled Consulting Teacher Log. The papers with the bates stamp 0708-0768 are not signed, sworn to, contain opinion testimony and are otherwise inadmissible. None of the papers have been authenticated by anyone who would have personal knowledge of the papers.

10. Exhibit 9 is entitled Letter from Cheryl Colston to Earl K. Prince regarding charges and specifications dated March 2, 2007. This letter is not in compliance with CBOE rules and regulation in the Employee Discipline and Due Process Policy 04-0728-P01 that the Plaintiff and the other teachers were required to sign for.

11. <u>Exhibit 13</u> is entitled Cheryl J. Colston Letter to Plaintiff 's Attorney regarding Re-scheduled Pre-suspension Hearing dated March 13, 2007. This letter is not in compliance with the notice requirements of the Employee Discipline and Due Process policy 04-0728-P01 and was not received by Plaintiff's former counsel. It also mischaracterizes Plaintiff's former counsel request as he requested that the hearing not be held before March 27, 2007.

12. <u>Exhibit 15</u> is entitled Cheryl J. Colston Letter to Plaintiff's Attorney regarding second rescheduling of pre-suspension hearing date March 20, 2007. This letter is not in compliance with the Employee Discipline and Due Process policy 04-0728-P01. It also misstates the facts that it was a second rescheduling pursuant to counsel's request.

13. <u>Exhibit 16</u> is entitled Prince fax to the Board of Education stating hospitalization dated March 24, 2007. This letter was not dictated, written, signed, sent faxed or authorized by the Plaintiff.

14. <u>Exhibit 17</u> is entitled Cheryl J. Colston Letter to Prince regarding confirmation of third rescheduling. This paper is a self serving writing full of false accusations and false statements. It is not in compliance with the Employee Discipline and Due Process policy 04-0728-P01 notice requirements.

15. <u>Exhibit 18</u> is entitled March 29, 2007 Letter to Cheryl J. Colston regarding Cease and Desist Letter. This paper was not dictated, written, signed, sent, faxed, or authorized by the Plaintiff.

16. <u>Exhibit 21</u> is entitled Board's Notice to Illinois State Board of Education dated April 10, 2007. This letter is a paper approving charges against a Lydia Davenport and she is not a party in the above entitled action.

17. Exhibit 22 is entitled Findings of Fact and Recommendation. A dismissal hearing requires that a hearing officer be appointed and that person must sign the acceptance of the appointment. Defense documents 965 and 966 the Notice of Appointment, have not been signed by Perkovich and the defense has not established that Perkovich ever accepted the appointment. Even if its alleged that Perkovich accepted the appointment, he was disqualified after he vacated said appointment when he failed to conduct any activity on the case for more than two and a half years. (See Pl. Exhibit O Section 51:40 f). Not only did Perkovich vacate the position he also failed to issue any notice of hearing. There is no record either at the ISBE. the CBOE or with Prince of any allegedly issued Notice of Hearing on April 23, 2009 or any other date. Plaintiff and the CBOE subpoenaed the entirety of Prince's files and alleged hearing and there is no written record of said notice. Plaintiff also propounded production request and interrogatories requesting such a document and the defense did not tender this alleged notice. This alleged notice is a crucial part of the defense claim of a dismissal hearing yet the defense has not used it as an exhibit in its motion for summary judgment. There is no written communication of any kind that even suggest the July 22, 2009 alleged hearing date and all communication between the "Hearing Officer and the parties must be in writing. (See PL. Exhibit O Section 51:40 at F) The document does not exist and without it no dismissal hearing could take place and thus any alleged "Findings of Fact and Recommendation" is the result of illegal and improper activity and thus inadmissible.

18. Exhibit 24 is entitled October 3, 2009 Returned Certified Mail to Sender. This document is not addressed to Prince. It has no street name, state or zip code.

19. Exhibit 25 is entitled Notice of August 28, 2009. This document was supposed to be provided to Plaintiff at least fourteen days in advance of the CBOE meeting. Plaintiff did not receive it until September 7, 2009. The date on the letter is August 28, 2009 however, it stamped received Sep. 08, 2009 indicating it was predated when the defense got it and suggesting it was not mailed on August 28, 2009.

20. Exhibit 27 is entitled Offer of dates sent to Board and to Prince dated March 17, 2009. The paper is unauthentic inadmissible hearsay. The CBOE has no personal knowledge what Perkovich sent to Prince. Perkovich had vacated his position about two years prior to the date shown on the letter. The signature, date, and words have not been authenticated. This letter does not qualify for any exception as the defense is not the custodian of record. The letter's alleged signature does not indicate or state to be that of a Hearing Officer but that of a person in their individual capacity. The paper is not on Illinois State Board of Education letterhead.

21. Exhibit 30 is entitled Employee Discipline and Due Process Policy Dated July 28, 2004. This is incomplete and cherry picked by the defense to leave out the relevant parts fatal to their motion. The exhibits by the movant must be in admissible form and this exhibit is incomplete.

For the foregoing reasons Plaintiff respectfully request that the Court:

1. Exclude and strike from the record the aforementioned exhibits and papers, and;

2. Such other relief as the Court deems just.

Respectfully, submitted

Earl Kelly Prince

10004 South Union

Chicago, Illinois 60628

(312) 636-6232