

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARL KELLY PRINCE | ) | |
| | ) | |
| Plaintiff | ) | Case No. 09 CV 2010 |
| | ) | |
| V. | ) | Judge Dow |
| | ) | Magistrate Mason |
| CHICAGO PUBLIC SCHOOLS AND | ) | |
| | ) | Jury Trial Requested |
| CHICAGO BOARD OF EDUCATION | ) | |
| | ) | |
| Defendant. | ) | |

FILED
JUN 1 2011 JH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT OF EDUCATION'S RULE 56.1(a)(3) STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff, Earl Kelly Prince, Pro se, pursuant to Local Rule 56.1 moves this Court to strike and exclude Defendant Board of Education's Rule 56.1(a)(3) Statement of Undisputed Material Facts and in support hereof states as follows:

1. On November 30, 2010, Defendant Board filed its summary judgment motion including its Rule 56.1(a)(3) statement of undisputed material facts.

2. Local Rule 56.1 limits the movant to no more than 80 seperately-numbered statements of undisputed facts.

3. The defendant's statement contains seventy four numbered alleged facts, however, it contains multiple compound alleged facts in violation of Local Rule 56.1.

4. By Plaintiff's count, it contains at least thirty three unnumbered allegations. This does not include the three page long No.63, which by itself may contain dozens.

5. For example, by Plaintiff's count, defendant's statement of Fact (hereinafter "SOF") No. 16 contains at least 3. SOF 19 contains at least five, SOF 25, contains at least 3, SOF

26 contains at least 3, SOF 35contains at least five, SOF 54- contains at least five SOF 55 contains at least 3, SOF 56 contains at least 3, and SOF 68 contains at least four.

6. Again this does not include SOF 63 which requires the Plaintiff to admit or deny whether dozens of sentences are as they appear in the allegation, whether hundreds of words are in its exact order and so on.

7. Even more troubling is the fact that the compounding seems to include some of the most crucial elements of the defense. It also seems to be timed to bury key impeaching elements of the defense motion and ambush the Plaintiff into admitting certain things that aren't supported by the facts.

8. For example SOF 19 seems to try to allege that Plaintiff's former counsel acknowledged notice when in effect he didn't and somehow tries to lay blame Plaintiff's timely request for a hearing for the Board not having a hearing for more than two years

9. SOF 25 alleges Prince sent a fax and spoke with Krieger when the letter is not signed by prince and Prince had already informed her it was not he that sent the letter.

10. The compounding in SOF 35 appears to be an attempt to ambush the Plaintiff into admitting an alleged "Notice of Hearing" when he has not and there is no record of it ever existing.

11 These are just a few samples of the compounding infractions.

12. Plaintiff also believes this statement should be excluded because it was already seventeen pages long and with all the objections that it caused it Plaintiff 's responses to it is longer than forty pages.

13. By Plaintiff's count defendant's 56.1 statement contains at least 107 allegations well in excess of the 80 limit.

For the foregoing reasons, Plaintiff, Earl Kelly Prince respectfully requests this Court to:

1. Strike and exclude Defendant Board of Education's Rule 56.1(a)(3) Statement of Undisputed Material Facts, in its entirety, and;

2. Such other relief as the Court deems just.

Respectfully submitted
Earl Kelly Prince
10004 South Union
Chicago, Illinois 60628
(312) 636-6232