# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2010 | **DATE** | 12/12/2011 |
| **CASE TITLE** | Earl Kelly Prince vs. Chicago Public Schools, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's Rule 59(e) motion to alter or amend judgment [167] is respectfully denied.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, formerly a tenured teacher with the Chicago Public Schools, brought this action challenging Defendants' actions in suspending and ultimately dismissing Plaintiff from his position. On August 25, 2011, the Court entered a memorandum opinion and order [162] granting Defendants' motion for summary judgment. In granting summary judgment, the Court noted that it had given Plaintiff "much leeway in this litigation," but that *pro se* litigants are not "free to ignore procedural rules." [162 at 3] (citing *Pearle Vision, Inc.* v. *Romm,* 541 F.3d 751, 758 (7th Cir. 2008). On September 22, 2011, Plaintiff filed a timely motion to alter or amend the judgment, requesting that the Court reconsider its August 25 opinion. Plaintiff primarily contends that it was not clear to him that he was "required" to file a Local Rule 56.1 statement.

A motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion to reconsider also may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* By contrast, because judicial opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure" (*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)), "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005). In view of these exacting standards, it is not surprising that our court of appeals has opined that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

In his motion to alter or amend the judgment, Plaintiff claims that Defendants misled him. Defendants' alleged misdeed was in sending Plaintiff a notice to *pro se* litigants advising Plaintiff that he "may" offer the Court a list of

**STATEMENT**

disputed material facts, instead of directing him that he must do so. Unfortunately for Plaintiff, Defendants' timely filed notice to *pro se* litigants fully complied with Local Rule 56.2 of the Northern District of Illinois, which requires the notice to state, "If you choose to do so, *you may* offer the Court a list of facts that you believe are in dispute and require a trial to decide. Your list of disputed facts should be supported by your documents or declarations * * *." See LR 56.2 (emphasis added).

Furthermore, Plaintiff sought, and was granted, three extensions of time in which to file his documents in opposition to Defendants' motion for summary judgment. Although Plaintiff filed a response brief, a response to Defendants' statement of facts, "objections," a motion to strike, and a motion for judicial notice in response to Defendants' summary judgment papers, he did not file a statement of additional facts, as required by Local Rule ("L.R.") 56.1(b)(3)(c) and as advised by the notice to *pro se* litigants that Defendants provided. To make Plaintiff's omission even more glaring, on June 9, 2011, Defendants moved [150] for an order advising Plaintiff of his failure to file his LR 56.1(b)(3)(c) statement of additional facts. This was in addition to the notice to *pro se* litigant opposing summary judgment [133] that Defendants had previously filed, which explicitly laid out Plaintiff's obligations under the federal and local rules. In an abundance of caution and wishing to give Plaintiff every opportunity to comply with the applicable rules, the Court granted Defendants' motion and extended the time for Plaintiff to file his statement of additional facts to July 1, 2011. Despite the notice to *pro se* litigant, three extensions of time, and a second opportunity from the Court to file his statement of facts, Plaintiff did not file a statement in support of his claims, arguments, denials, or averments. Instead of filing his statement of facts, Plaintiff fashioned a "Motion for Due Process of Law" and "Motion for Declaratory Judgment."

As the Court previously alerted Plaintiff, at the summary judgment stage, the Court cannot merely take Plaintiff at his word that his factual assertions are true and indisputable; rather, Plaintiff needed to come forward with evidence to support his claims and he failed to do so. Plaintiff was notified that if he failed to file a statement of additional facts, or present admissible evidence (by way of documents or declarations) in support of his responses to Defendants' fact statements, "the judge will be forced to assume that you do not dispute the facts which you have not responded to." [133 at 3]

Here, there simply is no argument that the Court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191. To the contrary, the Court understood and fully addressed the arguments raised by the parties in the briefing on the motion for summary judgment, and nothing in Plaintiff's motion to alter or amend judgment sheds light on issues that have been addressed fully in the Court's August 25 memorandum opinion and order. The Court is within its discretion to enforce compliance with its local rules regarding summary judgment motions, particularly after repeated warnings to a litigant regarding the rules. *Patterson* v. *Indiana Newspapers, Inc.,* 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon* v. *Chi. Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000). Plaintiff's motion to alter or amend [167] is denied.