# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2010 | **DATE** | 3/14/2012 |
| **CASE TITLE** | Prince vs. Chicago Public Schools | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [202] is respectfully denied. The Clerk is directed to notify the parties and the Court of Appeals of this order (see Fed. R. App. P. 24(a)(4)(A)) and Plaintiff is advised that he may either pay the filing fee or file in the Court of Appeals a motion for leave to proceed *in forma pauperis* (see Fed. R. App. P. 24(a)(5)).

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [202], with attached financial affidavit. Federal Rule of Appellate Procedure 24 and the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), provide the controlling standards and procedures for consideration of IFP status on appeal. FRAP 24(a)(1) directs the party seeking to proceed IFP on appeal to file a motion and supporting affidavit in the district court, which Plaintiff has done. A special rule applies pursuant to FRAP 24(a)(3) if Plaintiff has proceeded IFP in the district court, but that rule does not apply here because Plaintiff paid the filing fee and did not request leave to proceed IFP in the district court.

The Committee Notes to FRAP 24 state that "[a]uthority to allow prosecution of an appeal in forma pauperis is vested in '[a]ny court of the United States" by 28 U.S.C. § 1915(a)(1)." Section 1915(a)(1) is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). It allows a litigant to pursue a case (or an appeal) in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. See generally 28 U.S.C. § 1915(a)(1). The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In assessing whether a party has established indigency and thus qualifies for IFP status, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The HHS poverty guidelines for 2012 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $11,170. For a family of two, the amount increases to $15,130.

| STATEMENT |
|---|

Plaintiff reports in his affidavit that he receives $2,600 per month in retirement benefits based on his lengthy tenure as a teacher in the Chicago Public Schools; that amounts to $31,200 annually. He also reports a home with an estimated value of $71,000 on which he has no mortgage payments and a vehicle (a 2005 Lincoln Town Car) on which he makes a monthly payment of more than $600. Plaintiff's monthly budget reflects a slight net positive monthly cash flow of approximately $200. He states that his sister relies on him for support. Although Plaintiff does not specify how much money he provides his sister each month, the Court will assume for purposes of this motion that Plaintiff's sister essentially is part of his household for financial purposes, and thus the Court will credit Plaintiff with being financially responsible for a family of two under the HHS guidelines.

Even making that assumption, however, the Court cannot conclude that Plaintiff is indigent within the meaning of Section 1915 and FRAP 24. After giving Plaintiff full credit for supporting his sister as if she were a member of his household, Plaintiff's financial affidavit establishes that his income level still is more than 200% of the HHS guidelines. To be sure, the Court treats those guidelines as guidelines, not as bright line rules, and takes into account every applicant's particular circumstances in applying the guidelines. The Court also gives the benefit of the doubt to applicants in close cases – an applicant whose income is at 125% or even 150% of the HHS guidelines sometimes may qualify depending on what the financial affidavit as a whole indicates in the way of extenuating circumstances. But here, not only does Plaintiff have an income level of more than twice the HHS guideline, his retirement income appears to be steady, his house is paid for, and he owns (and makes substantial payments on) a relatively high end vehicle. In these circumstances, the Court cannot find that Plaintiff qualifies as "indigent" under any reasonable definition of that term. If Plaintiff wishes to proceed with his appeal, he may either pay the $455 filing fee or file a motion in the Court of Appeals requesting leave to proceed on appeal *in forma pauperis*. See Fed. R. App. P. 24(a)(5).