# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2010 | **DATE** | 7/3/2012 |
| **CASE TITLE** | Earl Kelly Prince vs. Chicago Board of Education | | |

**DOCKET ENTRY TEXT**

Following entry of judgment in its favor, Defendant submitted a bill of costs [179] pursuant to Federal Rule of Civil Procedure 54(d). The Court took the bill of costs under advisement and gave Plaintiff time to object. After receiving several extensions of time to respond, Plaintiff filed his response. For the reasons stated below, the Court grants in part Defendant's request for costs [179] and awards Defendant $1,872.24 in costs.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Defendants claim $1,942.24 in costs–$1,703.85 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, $70.00 for fees for service of summons and subpoena, and $168.40 for exemplification and copies of papers necessarily obtained for use in the case. As set forth below, the Court grants in part Defendant's request for costs [179], reduces the award by $35.00, and awards Defendant $1,872.24 in costs.

**A.     Court Reporting and Transcription Fees – 28 U.S.C. § 1920(2)**

First, Defendant seeks $1,703.85 in court reporting fees pursuant to 28 U.S.C. § 1920(2). The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father,* 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall

**STATEMENT**

not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b).

The Court has reviewed the supporting materials (including invoices) attached to Defendant's bill of costs and finds that the amounts requested are reasonable. The depositions were taken as part of the Board's factual defense or at Plaintiff's request: (1) Cheryl Colston was deposed by Plaintiff and the transcript was ordered by the Board; (2) John Ricci (Plaintiff's former counsel) was deposed by the Board because Plaintiff claimed that Mr. Ricci had personal knowledge about the due process issues related to the timing of the hearings; and (3) Plaintiff was deposed. Despite Plaintiff's objections, the Court concludes that all of these depositions were reasonably necessary in light of the facts known at the time of the deposition. Each of these individuals appeared to have information necessary to the resolution of this matter.

In addition, the transcript of proceedings that occurred before Magistrate Judge Mason was necessary because on November 20, 2009, Plaintiff moved to strike all of the docket entries related to the Court's granting of Defendant's motion to compel Plaintiff to participate in discovery. [See DE 39.] Because Plaintiff claimed that he did not receive notice of the motion to compel and was unaware that the order had been entered, the Board ordered the transcript of the hearing before Judge Mason on September 15, 2009, to show that Plaintiff had been present in open court. [See DE 43-2.] All of the court reporting and transcription fees were reasonably and necessarily incurred by Defendant and are recoverable. Therefore, the Court awards Defendants $1,703.85 in court reporting fees.

**B.      Service of Summons – 28 U.S.C. § 1920(1)**

Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshals rate at the time that process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The applicable rate is $55 per hour and $.0365 per mile. See 28 C.F.R. § 0.114(a)(3) ("For process served or executed personally-$55 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses.").

Here, Defendant seeks to recover $70.00 in service fees for serving John Ricci. The Court has reviewed the supporting materials (including invoices) attached to Defendant's bill of costs as well as Plaintiff's objections. Defendant used a private process server and it took two attempts to serve John Ricci because it appears that Defendant provided the wrong address for the initial attempt. The Court will reduce the service cost to $35.00, which compensates Defendant for one attempt at serving John Ricci. Thus, the Court reduces the service costs to $35.00, rather than the $70.00 claimed.

**C.      Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)**

Next, Defendant seeks $168.40 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

**STATEMENT**

The Court has reviewed the supporting materials (including invoices) attached to Defendant's bill of costs and finds that the amounts requested are reasonable. The amounts requested are well within the bounds of copying costs previously found to be reasonable and Defendant has provided detailed invoices in support of its request for exemplification costs. See, *e.g.*, *Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable"); *Shanklin Corp.*, 2006 WL 2054382, at *4 (same). The Board provided an itemized list of each court filing copied, the number of pages in each document, the price per page, and the total amount. Court filings are necessary, and the Board seeks reimbursement for one copy of each filing, a permissible number. Furthermore, the $.20 per page rate is reasonable. Therefore, the Court awards Defendant $168.40 in photocopying and exemplification costs under Section 1920(4).